
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG 30 2016

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PAUL E. CAMPBELL<br>Plaintiff | CIVIL ACTION NO. 1:16-CV-747;<br>SECTION "P" |
| VERSUS | CHIEF JUDGE DRELL |
| C.A. FREDRICKS, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Paul E. Campbell (#636087) filed on May 25, 2016. (Doc. 1). Plaintiff was granted leave to proceed *in forma pauperis* on June 1, 2016. (Doc. 4). Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at Avoyelles Correctional Center in Cottonport, Louisiana. Plaintiff complains that he was injured while being transported to the hospital and was denied physical therapy at LaSalle Correctional Center ("LCC"). Plaintiff names Warden C. A. Fredricks, Officer S. Downs, and Gwen Warren as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### Factual Allegations

Plaintiff alleges that, on March 22, 2016, he was transported to a hospital in Monroe, Louisiana, due to a history of back pain. When Officer Downs was removing

Plaintiff from the van, he dropped Plaintiff and fell on top of Plaintiff's left leg. (Doc. 1).

Plaintiff alleges that he was then transported to LSU-Shreveport for back surgery. The doctor ordered a minimum of two weeks of physical therapy, which Plaintiff did not receive. (Doc. 1).

Plaintiff complains that Warden Fredricks knew that the LSU doctor ordered physical therapy, and the warden was responsible for the medical department's compliance with the doctor's order. (Doc. 13, p. 2).

Plaintiff alleges that Nurse Gwen Warren received the order for physical therapy, a medical mattress, and any other assistance Plaintiff needed. Nurse Warren failed to provide the prescribed treatment. (Doc. 13, p. 2). Plaintiff further claims that he asked Ms. Warren daily, from March 25, 2016 through May 23, 2016, to receive the physical therapy. Nurse Warren informed Plaintiff that LCC was trying to have Plaintiff transferred to Elayn Hunt Correctional Center. (Doc. 13, p. 2).

Plaintiff complains that, because he did not receive two weeks of physical therapy, he is unable to walk, suffers from pain in his lower and mid-back, swelling around his tailbone, pain in his neck, and swelling in his lower legs, ankles, and feet. (Doc. 12, p. 3).

## Law and Analysis

1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity,

2

Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Plaintiff is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

2. Officer Downs

Plaintiff alleges that Officer Downs is liable for dropping Plaintiff and falling on top of him while attempting to remove Plaintiff from the transport van. In order to state an Eighth Amendment claim for cruel and unusual punishment, a plaintiff must allege that the defendant prison official knew of, and then disregarded, an excessive risk to the plaintiff's health and safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97 (1976). In other words, the plaintiff must show "deliberate indifference" on the part of the defendant. Wilson v. Seiter, 501 U.S. 294 (1991).

Plaintiff has not alleged that Officer Downs deliberately dropped or fell on top of Plaintiff. Plaintiff's argument that Downs should have waited for assistance from his partner, Officer Boyet, is conclusory and suggests only negligence, at best. Negligence does not constitute deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Even "gross negligence" does not establish deliberate indifference. Hernandez v. Tex. Dep't of Prot. and Reg. Servs., 380 F.3d 872, 882 (5th Cir. 2004).

Because Plaintiff has failed to alleged deliberate indifference by Officer Downs, his claim against Officer Downs should be dismissed.

3. Nurse Gwen Warren

Plaintiff alleges that Nurse Warren received an order from the LSU doctor prescribing physical therapy, a medical mattress, and any other assistance Plaintiff needed. (Doc. 13, p. 2). Plaintiff complains that Nurse Warren failed to provide the prescribed treatment despite Plaintiff's requests for same, from March 25, 2016 through May 23, 2016, the date Plaintiff was transferred. (Doc. 13, p. 3). When Plaintiff requested therapy, Nurse Warren informed Plaintiff that they were trying to have Plaintiff transferred to Elayn Hunt Correctional Center. (Doc. 13, p. 2).

In order to state a claim for inadequate medical care under § 1983, Plaintiff must allege that prison officials or other state actors exhibited "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). That is, Plaintiff must allege that the defendant knew of, and then disregarded, an excessive risk to Plaintiff's health and safety. See Farmer v. Brennan, 511 U.S. 825, 837 (1994); Estelle v. Gamble, 429 U.S. 97 (1976).

To state a claim of deliberate indifference, a plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). A prison official may also be deliberately indifferent if he intentionally denies or delays a prisoner's access to medical care and such conduct results in substantial

4

harm. See Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Walker v. Butler, 967 F.2d 176, 178 (5th Cir. 1992); Wesson v. Oglesby, 910 F.2d 278, 284 (5th Cir. 1990).

First, to the extent that Plaintiff complains that two weeks of physical therapy constitutes a "serious medical need," his claim is conclusory. Likewise, Plaintiff's claim that the lack of two weeks of physical therapy caused him to suffer such extreme injuries as being unable to walk, pain in his lower and mid-back, swelling around his tailbone, pain in his neck, and swelling in his lower legs, ankles, and feet is also conclusory. Additionally, Plaintiff does not allege that Nurse Warren intentionally denied or delayed his access to physical therapy. He acknowledges that she was trying to have him transferred from March 25, 2016 through May 23, 2016.

Moreover, even if Nurse Warren failed to follow the LSU doctor's recommendation for two weeks of physical therapy, Plaintiff fails to state a claim of deliberate indifference. A prison official's disagreement with, or failure to follow, an outside physician's treatment plan or recommendation does not amount to deliberate indifference. See Stewart v. Murphy, 174 F.3d 530, 535 (5th Cir. 1999) (failure of prison doctor to follow physical therapy recommendation of outside treating physician did not present a material fact issue for deliberate indifference). The question whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment." Clifford v. Doe, 303 F. App'x. 174, 175 (2008) (citations omitted) (PCC medical staff's failure to follow doctor's

5

recommended treatment plan did not constitute deliberate indifference to his serious medical needs).

Nurse Warren and LCC did not have to follow the recommendation of the LSU doctor. Because Plaintiff has not alleged deliberate indifference, and because his allegations are conclusory, his claim against Nurse Warren should be dismissed.

4. Warden Fredricks

Plaintiff alleges that Warden Fredricks knew that physical therapy had been ordered by the LSU doctor, and the warden was responsible for the medical department's compliance with the order. (Doc. 13, p. 2). Thus, Plaintiff claims that the warden is liable as supervisor at LaSalle Correctional Center.

First, as discussed above, the failure to follow an outside physician's recommendation does not establish a constitutional violation. Second, supervisors may only be held liable if: (1) they affirmatively participate in acts that cause constitutional deprivations; or (2) they implement unconstitutional policies that causally result in the plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). Plaintiff has not alleged that the warden was personally involved in the alleged deprivation, or that he implemented any unconstitutional policy. See Clifford v. Doe, 303 F. App'x 174, 176 (5th Cir. 2008) (citing Stewart, 174 F.3d at 535) (policy that allows prison medical officials to either approve or disapprove an outside physician's recommendation raises no constitutional issue)).

6

For the foregoing reasons, **IT IS RECOMMENDED** that the § 1983 petition be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A.

Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 30 day of August, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge